UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDALE SMITH,<br><br>              Plaintiff,<br><br>     v.<br><br>JAMES TILTON,<br><br>              Defendant. | CASE NO. CV 08-5245-SJO (PJW)<br><br>ORDER GRANTING  DEFENDANT JAMES TILTON'S<br>MOTION TO DISMISS COMPLAINT |

Before the Court is Defendant Tilton's Motion to Dismiss the Complaint on the ground that Plaintiff has failed to allege that Tilton played any role in Plaintiff's claimed civil rights violations. (*See* Docket No. 10.)  For the following reasons, the motion is GRANTED.

On August 14, 2008, Plaintiff, a state prisoner, filed a civil rights action against James Tilton, identified by Plaintiff as the Director of the California Department of Corrections and Rehabilitation ("CDCR"), and three unnamed correctional officers.[1] (Complaint at 3-4.)  Plaintiff alleged that he was seriously injured

---

[1] According to Defendant Tilton, he was not the Director of the CDCR, but was, instead, the Secretary.  (Motion to Dismiss at 4.)

in an accident when he was being transported in a corrections bus from one prison to another.  (Complaint at 4A-6.[2])  He claimed that the unidentified corrections officers refused to administer medical treatment to him after the accident and that he is still waiting for proper treatment.  (Complaint at Exhibit A.)  His only allegation against Defendant Tilton was that Tilton failed to provide the name of the officers after the accident.  (Complaint at No. 3.)

On October 8, 2008, Defendant Tilton filed the instant Motion to Dismiss the Complaint, arguing that Plaintiff had made no allegation linking Tilton to the claimed acts of deliberate indifference committed by the corrections officers.  (Motion at 4-5.)  On November 10, 2008, Plaintiff filed an opposition to the motion.  In it, he stated that he was "willing to dismiss Defendant Tilton from this action."  (Opposition at 1.)

In order to pursue an action against Defendant Tilton, Plaintiff has to allege a cognizable claim against him.  Here, Plaintiff has failed to do so.  As Plaintiff concedes, Defendant Tilton played no role in the acts he complains of.  Further, Tilton cannot be held liable for the acts of the corrections officers under a theory of *respondeat superior*.  *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 663 (1978).  As such, he is entitled to dismissal at this stage.

---

[2]  The Court has designated as "4A" the unnumbered page of the Complaint between pages 4 and 5.

1 |     For all these reasons, Defendant Tilton's motion to dismiss is
2 | granted and he is dismissed from this action with prejudice.
3 |     IT IS SO ORDERED.
4 |     DATED: February 18, 2009

*[signature: S. James Otero]*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesE1EF34\Ord_dismiss.Tilton.wpd